SILVERS BOX CORPORATION v. J. E.
STONE & CO. (No. 888.)

(Court of Civil Appeals of Texas. Beaumont.
March 2, 1923. Rehearing Denied
March 21, 1923.)

**1. Contracts ⟨⟩176(2)—Rule of construction where contract not clear stated.**

Where the terms of a contract are not ambiguous, its interpretation is for the court; but, if the contract is not clear and is subject to more than one construction, then it becomes a matter of fact to be determined on the evidence as to its meaning.

**2. Sales ⟨⟩77(2)—"F. o. b." means free on board at place named in contract.**

In contracts for the sale of property to be shipped, the term "f. o. b." means free on board at the place named in the contract, and if the sale is f. o. b. at the place of shipment the purchaser must pay the freight; if f. o. b. at destination, the freight must be paid by the seller; where it is silent as to which party shall pay the freight, it will be presumed it is to be paid by the purchaser, and, where the contract does not designate the place, it is to be presumed that f. o. b. means the point or place of shipment.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, F. O. B.]

**3. Sales ⟨⟩79—Lumber sale contract "f. o. b. mill" held to mean f. o. b. point of shipment.**

In view of previous acceptance of 23 cars of lumber by purchaser who paid the full contract price and also paid all freight, a term of the contract for 50 cars, "$40.00 per M. f. o. b. mill," conclusively showed that the contract was f. o. b. mill at point of shipment and not at destination.

**4. Venue ⟨⟩7—Suit properly brought in county where sales contract made.**

Where a sales contract for lumber was made and signed in plaintiff's office in the county in which action was thereafter begun, the action was properly brought in plaintiff's county, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 24, which provides that suits against corporations may be commenced in any county in which the cause of action or a part thereof arose.

**5. Venue ⟨⟩7—Action based on contract arises in county where contract made.**

A cause of action based on a contract arises in part in the county where the contract was made.

Appeal from District Court, Panola County; Chas. L. Brachfield, Judge.

Action by J. E. Stone & Co. against the Silvers Box Corporation. From an order overruling its plea of privilege, defendant appeals. Affirmed.

Geo. Sergeant, of Dallas, for appellant.
H. N. Nelson and Woolworth & Duran, all of Carthage, for appellee.

O'QUINN, J. Appellee sued appellant in the district court of Panola county for damages caused by appellant's refusal to receive and pay for 27 cars of lumber sold and contracted to be shipped to appellant by appellee upon the following contract:

"J. E. Stone & Company, Manufacturers of Yellow Pine Lumber, Wholesale and Retail.

"Carthage, Texas, 2/5/1920.

"Bought of J. E. Stone & Co., 10 cars 6/4 gum #2, 15 cars 5/4 gum #2, 25 cars 4/4 gum #2, at $40.00 per M. f. o. b. mill.

"Above Lbr. to be delivered before Dec. 31st, '20. And as at an early a date as possible, before that time. 1 car 4/4 to be shipped about 2/10. Bal. to follow as fast as possible. J. L. Graham, for Silvers Box Corp., Dallas, Texas. J. E. Stone & Company, by J. E. S."

Appellees alleged that under the above contract they shipped 23 cars of lumber to appellant which it received, but that about October 15, 1920, appellant notified appellees not to ship any more; that appellees were prepared to and would have promptly shipped the other 27 cars, but for the reason that appellant notified them not to ship any more and refused to receive any more shipments, by reason of which appellees allege they were damaged in the sum of $10,125.

Appellant filed its plea of privilege to be sued in the county of its domicile, Dallas county, contending that none of the exceptions to exclusive venue mentioned in articles 1830 and 2308 of the Revised Statutes of Texas existed. This plea was duly controverted by appellees. The court after full hearing overruled appellant's plea of privilege, to which action of the court appellant excepted and has brought this appeal.

The only question presented by appellant is the interpretation to be given to the expression "f. o. b. mill" in the contract, appellant contending that it was intended to mean, and did mean, f. o. b. the mill of appellant at Dallas, Tex., and that hence the court erred in overruling its plea to the jurisdiction.

[1] Where the meaning of a contract is in controversy, and the terms are not ambiguous, its interpretation is a matter of law for the court; but if the contract is not clear, and is subject to more than one construction, then it becomes a matter of fact to be determined upon the evidence as to its meaning. The contract here shows that appellees were manufacturers of lumber and that their place of business was in Panola county. The contract was drawn, dated, and signed in Panola county, and stipulated that the lumber was brought f. o. b. mill. It did not specifically state what or whose mill.

[2] In contracts for the sale of property to be shipped, the term "f. o. b." means "free on board" at the place named in the contract, and if the sale is f. o. b. at the place of ship-

ment, the purchaser must pay the freight; but f. o. b. at the place of destination, the freight must be paid by the seller; and where the contract is silent as to which party shall pay the freight, it will be presumed it is to be paid by the purchaser. Sheffield Furnace Co. v. Coal Co., 101 Ala. 466, 14 South. 672; 23 R. C. L. § 159, p. 1337. And where the contract calls for shipment f. o. b. without designation of place, it is to be presumed that f. o. b. means the point or place of shipment. Adams v. Janes, 83 Vt. 334, 75 Atl. 799. Therefore, in transactions where one party purchases personal property from another, and the purchased articles are to be shipped by the seller to the purchaser, and the contract of sale stipulates for shipment f. o. b., the usual meaning of such stipulation is f. o. b. at the point of shipment, and not at the point of destination. Of course, by special contract, it could be made to specify the point of destination; but there is nothing in the present contract to indicate that such intention was meant. Stone, who acted for appellees in making the contract, testified most positively that the lumber was to be delivered f. o. b. the cars at Carthage, in Panola county; while Silvers, president of the appellant, testified that the contract was to be performed f. o. b. mill at Dallas. He further testified that he was not present when the contract was made, but was in the state of Colorado, and that one J. K. Graham represented appellant in making the contract. Graham did not testify. Silvers admitted that appellant received and accepted 23 cars of lumber shipped to it under the contract and paid the full price, $40 per thousand, for the lumber, and that appellant also paid all the freight on same from the point of shipment to destination in each instance.

[3] We think the facts are against appellant's contention, and that the contract, when construed according to the usual rule, shows that it means f. o. b. the point of shipment, and, further, we think that the fact that appellant, under said contract, received the 23 cars and paid the full contract price, $40 per thousand, for the lumber; and also paid all freight on same conclusively shows that the contract was f. o. b. the mill at the point of shipment, and not at the point of destination and that appellant's receiving the 23 cars and paying the full contract price for the lumber and also paying the freight was an interpretation by appellant that such was the contract.

[4] But, however, the court did not err in overruling appellant's plea of privilege, regardless of the meaning to be given to the expression "f. o. b. mill," as written in the contract. Vernon's Sayles' Civil Statutes, art. 1830, subd. 24, provides:

"Suits against any private corporation, association or joint-stock company may be commenced in any county in which the cause of action, or a part thereof, arose," etc.

[5] It is admitted that appellant is a private corporation, and that the contract was made and signed in the office of appellees in Panola county. Appellees sued for a breach of the contract, and if the making of the contract constituted a part of the cause of action, then the cause of action arose, in part, in the county where the suit was brought. It is well settled that a cause of action based upon a contract arises in part in the county where the contract is made. Hence the instant suit was properly brought. Western Wool Com. Co. v. Hart (Tex. Sup.) 20 S. W. 131; Mangum v. Milling Co. (Tex. Civ. App.) 95 S. W. 605; Cummer Mfg. Co. v. Kellam Bros. (Tex. Civ. App.) 203 S. W. 463; Garrett v. Hughes Grain Co. (Tex. Civ. App.) 208 S. W. 759; Slaughter Cattle Co. v. Pastrana (Tex. Civ. App.) 217 S. W. 751; Dallas Waste Mills v. Early-Foster Co. (Tex. Civ. App.) 218 S. W. 517; Aynesworth v. Peacock Military College, 225 S. W. 886.

The judgment is affirmed.