**Delia GARZA, Appellant,**

v.

**TEXAS EMPLOYMENT COMMISSION and Miller Curtain Co., Appellee.**

**No. 16139.**

Court of Civil Appeals of Texas, San Antonio.

Feb. 7, 1979.

Joseph B. De Mott, Stephen G. Cochran, Charles G. Childress (Legal Aid Association), San Antonio, for appellant.

John L. Hill, Atty. Gen. of Texas, Diane Van Helden, Asst. Atty. Gen., Austin, for appellee.

## OPINION

MURRAY, Justice.

This is an appeal from a judgment which affirms the decision of the Texas Employment Commission and dismisses claimant's appeal for want of jurisdiction.

On July 15, 1977, Delia Garza, appellant, was terminated as an employee of the Miller Curtain Company. She then filed her initial claim for unemployment benefits on September 6, 1977. On September 22, 1977, a notice of claim determination was mailed to appellant at her address as reflected by Commission records. This notice of claim determination disqualified appellant from receiving benefits because of misconduct connected with work for the four benefit periods beginning September 6, 1977, and extending through October 3, 1977. This action reduced her benefits by $188 and left her a balance of $829. The notice of claim determination was removed from appellant's mailbox by a neighbor and given to appellant's sister, who did not give it to appellant until approximately two weeks later on October 11, 1977. The next day appellant brought the notice of claim determination to her attorney, who filed an appeal of the initial determination by letter dated October 19, 1977. An appeal hearing was held on November 29, 1977, by the appeals referee, and the appeal was dismissed for want of jurisdiction. Appellant appealed the November 30, 1977, decision of the appeal tribunal, which was affirmed by the Texas Employment Commission.

Texas law provides for the appeal of decisions of the Texas Employment Commission on claims for benefits.

The Commission shall determine whether such initial claim is valid. If such initial claim is valid, the Commission shall determine the benefit year, the benefit amount for total unemployment and the duration of benefits. A notice of the determination of the initial claim shall be mailed to the claimant at his last known address as reflected by Commission records. The claimant may within twelve (12) calendar days from the date such notice was mailed request a redetermination or appeal in the manner provided in this Section.

. . . . .

Unless the claimant or the individual or organization or branch thereof to which the copy of the determination was mailed files an appeal from such determination within twelve (12) calendar days after such copy of the determination is mailed to his or its last known address as re-

flected by Commission records, such determination shall be final for all purposes and benefits shall be paid or denied in accordance therewith; . . . .

Tex.Rev.Civ.Stat.Ann. art. 5221b–4(b) (Vernon Supp.1978–1979).

Appellant contends by two points of error that the trial court erred by not finding that the Texas Employment Commission's interpretation of Article 5221b–4(b) is unconstitutional and violates the Federal Social Security Act, 42 U.S.C. § 503(a)(3) (1974), which requires that the Texas Employment Commission provide unemployed workers an opportunity for a fair hearing. We disagree.

■ Appellant was afforded a hearing before the appeals referee in which evidence was introduced relating to the circumstances of delivery of the notice of claim determination. In addition, similar evidence was presented to and considered by the trial court. Appellant testified that arrangements were made with her neighbor to take the mail out of her mailbox and give it to her sister, her mother, or herself. Appellant made this arrangement because mail had been stolen from her mailbox. She further testified that her sister was given the letter by the neighbor, and two weeks later appellant's sister gave the claim determination to her. Appellant also testified that she knew that during this period of time she would be receiving important documents from appellee. Under these facts, appellant's contention that she did not receive the letter in time cannot be sustained. It is a basic principle of agency that one who acts through another acts for himself. Thus, receipt of the letter by the neighbor, appellant's agent, is receipt by appellant. *Central Freight Lines, Inc. v. Clarke & Courts, Inc.*, 413 S.W.2d 927 (Tex. Civ.App.—Texarkana 1967, writ ref'd n. r. e.); 2A C.J.S. *Agency* § 2 (1972).

■ Appellant contends that the Texas Employment Commission has interpreted Article 5221b–4(b) to create an irrebuttable presumption of receipt of notice by merely showing that notice was mailed. We find no such interpretation in the decision by the Texas Employment Commission. The order of the appeals referee, which was sustained by the Texas Employment Commission, contains a decision, case history, findings of fact, and conclusions. The findings of fact, conclusions, and decision of the referee are as follows:

*FINDINGS OF FACT:* Prior to filing her initial claim on September 6, 1977, the claimant worked for the employer as a service girl and machine operator from April 29, 1976 until July 15, 1977, with an ending pay rate of $2.64 per hour. The claimant was disqualified four weeks of benefits under Section 5(b) of the Act by a determination mailed to her by the Commission on September 22, 1977. The claimant did not file an appeal to this determination until October 19, 1977, twenty seven days after said determination was mailed. The claimant has been having some problems receiving her mail because she lives in a housing project. There have been instances when her mail was taken out of her box. The claimant's sister took the Notice of Claim Determination out of her mailbox because she was afraid someone would steal it and forgot to give it to the claimant until October 12, 1977.

*CONCLUSIONS:* Section 6(b) of the Texas Unemployment Compensation Act provides, in part, that unless the claimant or the individual or organization to which the copy of the determination was mailed files an appeal from such determination within twelve calendar days after such copy of the determination was mailed to his or its last known address as reflected by Commission records, such determination shall be final for all purposes and benefits shall be paid or denied in accordance therewith.

In precedent case No. 8351–AT–68, the Commission ruled that the Appeal Tribunal does not have jurisdiction to consider the merits of a case when the appeal was not filed within the twelve-day time limit if the determination was correctly mailed and delivered by the Post Office Department to the claimant's correct address

even though delivery to the claimant was deliberately prevented by a third party. Inasmuch as the Notice of Claim Determination was mailed to the claimant's correct address, and was delivered to that address by the Post Office Department. [sic] It is concluded that the claimant did not file a timely protest to the determination dated September 22, 1974 [sic]. Therefore, the Appeal Tribunal is without jurisdiction in this case.

*DECISION:* The Claimant's Appeal dated October 19, 1977, is dismissed for want of jurisdiction, leaving in full force and effect the decision in Appeal No. 31239–AT–77.

Once the notice is timely delivered, the jurisdiction of the Texas Employment Commission to hear an appeal cannot be extended by the fact that appellant failed to remove the letter from the mailbox, failed to open the letter, or failed to receive it from her sister, appellant's agent.

Appellant's reliance on *Miami Dolphins, Ltd. v. Florida Department of Commerce,* 252 So.2d 396 (Fla.Dist.Ct.App.1971), is misplaced. The Florida District Court of Appeal ordered that petitioner, Miami Dolphins, be given an opportunity to show that notice was not delivered within the time period prescribed by the Florida Unemployment Benefits Law. The evidence indicated that the failure to receive the notice in time was due to the Christmas-New Year's mail glut; thus, the notice was not timely delivered. In our case, appellant's testimony shows that the letter was timely delivered, and the evidence indicates that a hearing was afforded appellant by the Texas Employment Commission.

We believe that *Florida State University v. Jenkins,* 323 So.2d 597 (Fla.Dist.Ct.App. 1975), states the applicable law. Here, the court held that the decision in *Miami Dolphins* did not apply because the decision of the appeals referee was delivered in a timely manner. Florida State University did not receive this notice until after the ten-day period for filing an application for review because it closed its doors for the holiday recess and did not arrange for any-

one of responsibility or authority to receive and examine its mail. Thus, the court affirmed the decision of the appeals referee that the agency lacked jurisdiction.

■ By a third point of error appellant contends that the trial court erred in using the substantial evidence rule to review the decision of the Texas Employment Commission. We disagree.

In order for an appealing party to prevail, it has the burden to show that the decision of the Commission was not reasonably supported by substantial evidence. *Circuitronics v. Texas Employment Commission,* 561 S.W.2d 555 (Tex.Civ.App.—Dallas 1978, writ ref'd n. r. e.). The delivery of the notice in this case is supported not only by substantial evidence but also by appellant's uncontradicted testimony.

We hold that proper notice was mailed and timely received by appellant. Nevertheless, she failed to properly utilize clearly established appeal procedures. Thus, appellant has not been treated unfairly or arbitrarily in violation of due process and applicable federal law.

The judgment of the trial court is affirmed.