# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-22-00375-CV

**Ori White, in his Capacity as District Attorney for the 83rd Judicial District of Texas, Appellant**

**v.**

**Jerry Lynn Phillips, Appellee**

### FROM THE 53RD DISTRICT COURT OF TRAVIS COUNTY, NO. D-1-GN-21-004488, THE HONORABLE CATHERINE MAUZY, JUDGE PRESIDING

### O P I N I O N

In this interlocutory appeal from a suit under the Whistleblower Act, appellant Ori White, District Attorney for the 83rd Judicial District of Texas, appeals from the district court's denial in part of White's plea to the jurisdiction and motion gfor summary judgment on limitations grounds. *See generally* Tex. Gov't Code §§ 554.001-.010 (Whistleblower Act); *see also id.* § 554.005 (establishing limitations period requiring public employee who seeks relief under the Act to sue not later than 90th day after date alleged violation occurred or was discovered by employee through reasonable diligence). Because we agree that the underlying suit was not timely filed, we reverse and render judgment granting White's plea to the jurisdiction.

1

# BACKGROUND

On August 27, 2021, former assistant district attorney Jerry Lynn Phillips filed his original petition in this suit alleging wrongful termination of his employment and seeking damages, reinstatement, and other injunctive relief under the Whistleblower Act from White individually and in his capacity as district attorney.[1] In the petition, Phillips alleged that White terminated his employment on May 28, 2021, shortly after—and allegedly in retaliation for—Phillips's multiple reports to White alleging various improprieties and unlawful conduct between and among district personnel and attorneys for the counties they served. Phillips asserted four causes of action against White, including the Whistleblower Act claim and common-law claims for wrongful termination for failure to commit an illegal act, breach of an implied contract of employment, and intentional infliction of emotional distress. The petition included a verification and was supported by an affidavit dated August 26, 2021, in which Phillips stated that, after orally terminating Phillips's employment by telephone, White hung up and refused to speak with Phillips further or to respond to a subsequent text message complaining that White "should have had the common decency to tell [Phillips] face to face that [he] was fired."[2]

On October 1, 2021, White filed an answer reciting several defenses, including a challenge to the court's subject-matter jurisdiction on the ground that Phillips "failed to initiate action under the requisite grievance or appeal procedures, such failure resulting in a

---

[1] Phillips initially named as defendants the four counties served by the 83rd district attorney (Brewster County, Jeff Davis County, Pecos County, and Presidio County) but nonsuited as to these defendants after all four moved to transfer venue.

[2] Elsewhere, apparently referring to this same text message, Phillips alleges that White did reply to this text later on the evening of May 28, 2021. The inconsistency is not explained but is immaterial to our analysis.

jurisdictional bar" to Phillips's claim, together with assertions that White was not liable in his individual capacity and that the applicable statute of limitations barred Phillips's claims.

On February 23, 2022, Phillips filed a verified amended petition, which pled in relevant part that:

> Plaintiff exhausted administrative remedies by discussing the issues with his immediate supervisor, Defendant Ori White, who being the elected official with final responsibility of the employee's office, Defendant 83rd District Attorney's Office, denied Plaintiff's grievances of his wrongful termination with finality, and admonished Plaintiff to get a lawyer. Pursuant to Pecos County Personnel Policy Grievances 5.01, Defendant Ori White's decision not to reconsider his wrongful termination was final because he is an elected official. This Pecos County Personnel Policy was not provided to Plaintiff by Ori White, however, the procedure was still exhausted.

On March 28, 2022, White filed a plea to the jurisdiction and motion for summary judgment on the pleadings in which he argued that the Whistleblower Act does not create a cause of action against White as an employee of the State of Texas, that Phillips's common-law claims were barred by election of remedies and sovereign immunity, that Phillips, as an at-will employee, had no implied employment contract with the district, and, as most relevant here, that the Whistleblower Act claim was time-barred.

Phillips filed a response on April 4, 2022, taking issue with certain errors in White's plea (for example, urging that the plea incorrectly stated that the petition had been filed August 28, 2021, and that it misstated the applicable limitations period as 60 days rather than 90). Phillips also argued that the petition was timely filed on August 27, 2021, because that was the ninetieth day of the limitations period. Phillips further argued in the alternative that, "his actual termination date was May 30, 2021," when records showed he was removed from his employer's payroll, and that, in any event, the limitations period should be equitably tolled due

3

to the defendants' failure to post statutorily required notice advising him of his rights under the Whistleblower Act. Neither the plea and motion nor the response mentioned or discussed a grievance procedure for employees aggrieved by allegedly wrongful termination.

On April 26, 2022, White filed a reply arguing in relevant part that August 27, 2021, was in fact the ninety-first day after May 28, 2021, and therefore outside the limitations period, and cited persuasive authorities for the propositions that May 28, 2021—not May 30—was the correct accrual date and that, even if true, defendants' alleged failure to post statutory notice did not warrant equitable tolling. Significantly for purposes of this appeal, White argued that "[t]he only extension of the deadline" under the Whistleblower Act "is through the statute, which . . . allows tolling to occur during the time the employee exercises the employing governmental entity's applicable grievance procedure" but that "Plaintiff did not allege that he participated in any grievance procedure." Phillips filed a sur-reply in which he reiterated his arguments regarding computation of time and the appropriateness of equitable tolling but did not mention participation in a grievance procedure.

On May 5, 2022, a hearing was held on the plea and motion at which counsel for both parties reiterated their respective positions on the computation of time, expressly agreeing on the record that May 29, 2021—the day after Phillips received oral notice of termination—was the first day of the limitations period under the applicable statute but continuing to disagree on whether Augst 26, 2021, or August 27, 2021, was the ninetieth day of that period. Neither party mentioned nor discussed any grievance procedure. The district court took the matter under advisement and, on June 7, 2022, by written order, granted the motion for summary judgment as to Phillips's claims against White individually and as to his three common-law claims but denied

4

the plea to the jurisdiction as to the Whistleblower Act claims, expressly finding that the claims were timely filed. This appeal followed.

## DISCUSSION

The parties' principal points of disagreement fit into two broad categories. First, they join issue on the appropriate computation of time for purposes of the applicable limitations period, and second, they disagree over whether Phillips provided sufficient evidence of having initiated a grievance or appeal proceeding for purposes of a statutory tolling provision.

### *Standard of Review*

"Whether a court has subject matter jurisdiction is a question of law." *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004) (citing *Texas Nat. Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex. 2002)). Whether the party invoking the court's subject-matter jurisdiction has alleged facts that affirmatively demonstrate the existence of such jurisdiction is reviewed de novo. *Id*. Likewise, whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction is also a question of law. *Id*.

When a plea to the jurisdiction challenges the plaintiff's pleadings, we first determine whether the plaintiff has alleged facts that, if true, would affirmatively demonstrate the court's jurisdiction to hear the cause. *Id*. (citing *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)). We construe the pleadings liberally in favor of the plaintiffs and look to the pleaders' intent. *Id*. If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the plaintiffs should be afforded the opportunity to amend. *Id*. at 226-27 (citing *County of Cameron v. Brown*,

5

80 S.W.3d 549, 555 (Tex. 2002)). If, on the other hand, the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend. *Id*. at 227.

### Computation of Time

Phillips's claim in this suit is brought under Chapter 554 of the Texas Government Code, commonly referred to as the "Whistleblower Act," which provides that "[a] state or local governmental entity may not suspend or terminate the employment of . . . a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority." Tex. Gov't Code § 554.002. The Act creates a cause of action on behalf of an aggrieved employee, expressly waiving and abolishing sovereign immunity "to the extent of liability for the relief allowed" under the Act for a violation. *Id*. § 554.0035. Chapter 554 includes a section entitled "Limitations Period," which provides that, subject to exceptions discussed in greater detail below, "a public employee who seeks relief under [the] chapter must sue not later than the 90th day after the date on which the alleged violation of [the] chapter: (1) occurred; or (2) was discovered by the employee through reasonable diligence." *Id*. § 554.005.

As White correctly points out in his brief, Section 311.034 of the Code Construction Act makes statutory prerequisites to suit jurisdictional requirements for claims against governmental entities, and a governmental entity's response to a suit in which the plaintiff fails to comply with a statutory prerequisite is "properly asserted in a plea to the jurisdiction." *City of Madisonville v. Sims*, 620 S.W.3d 375, 377 (Tex. 2020) (quoting *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 515 (Tex. 2012)); *see* Tex. Gov't Code § 311.034.

6

The parties do not dispute that Phillips received his initial notice of termination on May 28, 2021, or that he filed the underlying suit on August 27, 2021. The parties disagree, however, on how to compute the amount of time that passed during that period. Their disagreements concern three questions of law.

First, as noted above, despite repeatedly conceding receipt of initial notice on May 28, 2021, Phillips has argued that his actual termination date was May 30, 2021, the date on which he was removed from his former employer's payroll. We disagree. As White points out, other Texas appellate courts have held that a cause of action for retaliatory discharge under the Whistleblower Act accrues when plaintiffs receive unequivocal notice of termination, not when the effects of such decision are realized. *See, e.g.*, *Villarreal v. Williams*, 971 S.W.2d 622, 625–26 (Tex. App.—San Antonio 1998, no pet.). We are persuaded by the reasoning in *Villarreal*, as it is consonant with the jurisprudence on accrual in general, and we see nothing in the record to indicate that Phillips's termination on May 28, 2021, was anything other than "unequivocal" as that term was used by the *Villarreal* court. Accordingly, we hold that, as a matter of law, Phillips's Whistleblower Act claim accrued on May 28, 2021, during his telephone conversation with White. *See id*.

Second, Phillips argued in his submissions to the trial court that equitable tolling is appropriate in this case in light of the gravity of the allegations against White and the fact that Phillips was at most a single day late in his filing. We disagree. As White correctly points out in his brief to this Court, Texas courts "have consistently declined to apply equitable tolling concepts to jurisdictional filing periods." *See Austin Indep. Sch. Dist. v. Lofters*, No. 03-14-00071-CV, 2015 WL 1546083, at *5 (Tex. App.—Austin Apr. 1, 2015, pet. denied) (mem. op.) (collecting cases). We decline to depart from that practice in this case.

Third, the parties disagree on the number of days in the limitations period applicable to a Whistleblower Act claim that accrued on May 28, 2021. White cites the Code Construction Act for the proposition that, "[i]In computing a period of days, the first day is excluded and the last day is included." Tex. Gov't Code § 311.014. White interprets this to mean that the date of termination is disregarded, such that the 90-day period prescribed by Section 554.005 of the Government Code would begin to run on May 29, 2021. *See Silo Rest. Inc. v. Allied Prop. & Cas. Ins.*, 420 F. Supp. 3d 562, 579 (W.D. Tex. 2019) (citing early case of *Smith v. Dickey*, 11 S.W. 1049, 1050 (Tex. 1889), for proposition that "the day on which the cause of action accrued . . . should not be counted in the computation" of limitations period). We agree. Treating May 29, 2021, as the ordinal first day of the limitations period (so that May 30, 2021, would be the second day; May 31, 2021, the third, and so on), we take judicial notice of the fact that the ninetieth day of that period fell on August 26, 2021—the day before Phillips filed his lawsuit. As to the language of Section 311.014 of the Code providing that "the last day is included" in the period, White argues in essence that that means filing would have been timely on or before the ninetieth day—August 26, 2021—but not later.

Phillips insists that the ninetieth day fell on August 27, 2021, but his reasoning on this point is difficult to follow. As reference to any calendar confirms, August 26, 2021, is the ninetieth day of the period whose first day is May 29, 2021, and Phillips provides no real description of, or authority for, his contrary computational methodology.

### *Grievance or Appeal Procedure*

By its own terms, Section 554.005 of the Government Code provides that the limitations period set forth therein applies "[e]xcept as provided by Section 554.006." Tex.

Gov't Code § 554.006(c). In turn, the latter section provides that, before filing suit, a public employee "must initiate action under the grievance or appeal procedures of the employing state or local governmental entity relating to suspension or termination of employment or adverse personnel action" and must do so "not later than the 90th day after the date on which the alleged violation . . . occurred; or . . . was discovered by the employee through reasonable diligence." *Id*. § 554.006(a)-(b). Subsection (c) of that section provides that "[t]ime used by the employee in acting under the grievance or appeal procedures is excluded, except as provided by Subsection (d), from the period established by Section 554.005." *Id*. § 554.006(a)

In response to White's argument that Phillips did not invoke the exception provided by Section 554.006, Phillips argues that "[t]he record contains evidence that [Phillips] complied with administrative grievance procedures by expressing a grievance about his wrongful termination" to White via text message and that, therefore, a "fact issue exists as to when the District Attorney finally denied Plaintiff's grievances, triggering the 90-day tolling period for the Whistleblower lawsuit." In support of this argument, Phillips cites two main pieces of evidence. First, he cites his verified amended petition, in which he alleges that "Plaintiff exhausted administrative remedies by discussing the issues with" White pursuant to "Pecos County Personnel Policy Grievances 5.01" and that White "denied Plaintiff's grievances of his wrongful termination with finality, and admonished Plaintiff to get a lawyer." Second, Phillips refers to an exhibit purporting to show a text message exchange between himself and White that began and

9

concluded on the evening of May 28, 2021, which Phillips asserts constitutes his attempt to initiate the grievance or appeal procedure contemplated by Section 554.006.[3]

In his reply brief, White contends that the cited evidence is insufficient to create a fact issue as to whether Phillips initiated a grievance or appeal procedure because the cited text message does not explicitly request reconsideration of the termination decision, instead merely lamenting that White did not inform Phillips of his termination face to face. We agree. As White points out in his reply brief, other Texas courts have held that, in the absence of a statutory standard or a standard created by an employee manual detailing the required contents of a public employee's notice of appeal, an employee must at a minimum give fair notice of the employee's intent to appeal the employer's adverse employment determination. *See, e.g.*, *Tarrant County v. McQuary*, 310 S.W.3d 170, 177 (Tex. App.—Fort Worth 2010, pet. denied) (citing *Montgomery Cnty Hosp. Dist. v. Smith*, 181 S.W.3d 844, 850 (Tex. App.—Beaumont 2005, no pet.)). We agree with White that the cited text message is Phillips's "reaction to being fired" but the text message fails to give express notice that Phillips was "initiating a grievance or appeals process on the basis that he was wrongfully terminated under the Whistleblower Act."

White argues in the alternative that, even if the text exchange is deemed to have initiated a grievance process, White's reply rendering a final decision on Phillips's termination was sent on the evening of the day Phillips was terminated—May 28, 2021—and thus could not have tolled limitations under the plain language of Section 554.006. Again, we agree with White

---

[3] The exhibit appears to show a text message from Phillips to White sent at 10:28 a.m. on Friday, May 28, 2021, in which Phillips writes, "I would think you'd have the decency to tell me face to face. But I suppose your past behavior should have told me otherwise." That message is followed by a reply received at 7:49 p.m. on the same day, which reads, "I guess we're going to get to litigate this and make a permanent record of your poor and improper conduct. Your conduct shocked me, disappointed me and was probably illegal. I am so sad."

that Phillips's conjecture that he (Phillips) "may not have read the text until May 29, 2021 or later" is immaterial to the question of when the final determination was delivered for tolling purposes, which Phillips's own exhibit shows occurring on May 28, 2021. As White illustrates by reference to persuasive authority, the situation Phillips contemplates is analogous to one in which a notice letter was timely delivered but the recipient "failed to remove the letter from the mailbox or failed to open the letter." *See Garza v. Texas Employment Comm'n*, 577 S.W.2d 765, 768 (Tex. App.—San Antonio 1979, no writ). Thus, even if we assume as Phillips urges that the content of the initial text message sufficed to initiate a grievance, the undisputed timing of the text exchange affords no basis for a fact issue as to whether that grievance would toll limitations.

In sum, Phillips's petition shows that he filed his Whistleblower Act claims after the expiration of the 90-day limitations period and that the exception provided by Section 554.006 for tolling the limitations period does not apply. *See* Tex. Gov't Code §§ 554.005, .006. Therefore, we hold that Phillips's pleadings affirmatively negate the existence of jurisdiction for his Whistleblower Act claims.

## CONCLUSION

Having concluded that the trial court erred by denying White's plea to the jurisdiction, we reverse and render judgment dismissing Phillips's suit against White for lack of subject-matter jurisdiction.

_____

Edward Smith, Justice

Before Chief Justice Byrne, Justices Triana and Smith

Reversed and Rendered

Filed:   July 12, 2024